UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN NIXON,
    Plaintiff,

vs.                          1:08-cv-0648-LJM-DML

LUCIEN C. HAAG, DAVID J. BRUNDAGE,
and ASSOCIATION OF FIREARMS AND
TOOL MARK EXAMINERS,
    Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY

This matter is before the Court on plaintiff's, John Nixon ("Nixon"), Amended Motion for Discovery (Dkt. No. 179) pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Nixon requests one hundred twenty (120) days in which to conduct discovery related to his claim that defendants, Lucien C. Haag ("Haag"), David J. Brundage ("Brundage"), and the Association of Firearms and Tool Mark Examiners ("AFTE") (collectively, the "Defendants"), tortiously interfered with Nixon's business and contractual relationships. To date, Nixon's discovery has been limited to that which was necessary to defend against Defendants' Motion to Dismiss Pursuant to the Indiana Anti-SLAPP Act. Dkt. No. 104 at 8-14. He now seeks to ascertain details regarding the role that Defendants allegedly played in the events leading to the termination of two of Nixon's contractual or business relationships, the threatened termination of another contractual relationship, and Nixon's denied membership in the American Academy of Forensic Sciences. Dkt. No. 179-1 at 1-2.

Defendants argue that the allegations in Nixon's Complaint did not put them on notice of the potential for discovery into the facts Nixon alludes to in the pending Motion.

Defendants also argue, without supporting authority, that the evidence Nixon purportedly needs to respond to Defendants' Joint Motion for Summary Judgment on the Remainder of Plaintiff's Claims (Dkt. No. 164) would not support his tortious interference claim. In the Court's opinion, Defendants waived the first argument by not raising it in a motion to dismiss or a motion for a more definite statement, and waived the second argument by not supporting it with citation to any relevant authority.

As then Magistrate Judge Magnus-Stinson indicated in her July 7, 2009, Order in this case, the scope of discovery under the Federal Rules of Civil Procedure is broad enough to encompass "any matter that bears on, or that reasonably could lead to any other matter that could bear on, any issue that is or may be in the case." Dkt. No. 104 at 3 (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted)). The Court notes that Nixon has generally identified the evidence he seeks to respond to Defendants' Joint Motion for Summary Judgment on the Remainder of Plaintiff's Claims (Dkt. No. 164). Further, Nixon has not been dilatory in the pursuit of discovery in this case, but rather, as indicated above, the Court previously limited the discovery to which Nixon is entitled under the Federal Rules. *See Eli Lilly & Co. v. Valeant Pharms. Intern.*, No. 1:08-cv-1720, 2009 WL 4745664, at * (S.D. Ind. Dec. 4, 2009) (Baker, M.J.) ("[T]he party invoking Rule 56(f) must explain why it is unable to submit the necessary material to the Court, identify the material facts it anticipates discovering, and demonstrate that it has not been dilatory in pursuing discovery.").

For the foregoing reasons, Plaintiff's Motion for Discovery is **GRANTED in part**. Before determining the length of time Plaintiff shall have in which to conduct discovery, the Court **ORDERS** Plaintiff to submit a discovery plan within seven (7) days of this Order's

date. The Plaintiff shall set forth a) the topics he intends to explore, and general subject matter of documents he intends to request, through written discovery; and b) the witnesses he intends to depose, the general subject matter each witness's testimony is expected to cover, and the length of time each deposition is expected to take.

**IT IS SO ORDERED** this 1st day of December, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Matthew D. Bruno
KIGHTLINGER & GRAY
mbruno@k-glaw.com

Mark S. Fryman Jr.
STARR AUSTEN MYERS & MILLER
fryman@starrausten.com

Robert M. Kelso
KIGHTLINGER & GRAY
rkelso@k-glaw.com

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com

Raymond T. Seach
RILEY BENNETT & EGLOFF LLP
rseach@rbelaw.com

Scott L. Starr
STARR AUSTEN MYERS & MILLER LLP
starr@starrausten.com