UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN NIXON, )
    Plaintiff, )
 )
vs. ) 1:08-cv-0648-LJM-MJD
 )
LUCIEN C. HAAG, DAVID J. BRUNDAGE, )
and ASSOCIATION OF FIREARMS AND )
TOOL MARK EXAMINERS, )
    Defendant. )

### ORDER

This matter comes before the Court on Plaintiff's, John Nixon ("Nixon"), Motion to Reconsider the Court's Entry of Summary Judgment on Claims of Defamation, dkt. no. 173, and Defendants', Lucien C. Hagg ("Hagg"), David J. Brundage ("Brundage"), and Association of Firearms and Tool Mark Examiners ("AFTE") (collectively, "Defendants"), Motion to Strike Plaintiff's Proposed Discovery Plan and Motion for a More Definite Statement, dkt. no. 197. The Court, having fully considered the parties' arguments, **DENIES** Nixon's Motion to Reconsider the Court's Entry of Summary Judgment on Claims of Defamation, and **DENIES** Defendants' Motion to Strike and Motion for a More Definite Statement for the following reasons.

### I. BACKGROUND

For a recitation of the facts in this case, the Court directs the reader to the Court's Order on Plaintiff's Response to the Court's Order to Show Cause. Dkt. No. 161.

On January 16, 2009, Defendants filed a Motion to Dismiss this case. Dkt. No. 70. On October 14, 2009, the Court converted Defendants' Motion to Dismiss into a Motion for Summary Judgment on Plaintiff's defamation claim and provided Plaintiff with thirty days to show cause why Defendants were not entitled to summary judgment on Plaintiff's defamation claim. Dkt. No. 137. On July 29, 2010, the Court granted summary judgment for Defendants on Plaintiff's defamation claim, concluding that the statements at issue were not defamatory as a matter of law because they were either true, substantially true or otherwise incapable of defamatory imputation. Dkt. No. 161. On September 29, 2010, Plaintiff filed a Motion to Reconsider the Court's July 29 Order, which is fully briefed and ripe for ruling. Dkt. Nos. 173-75, 178, 181.

Additionally pending on the docket is Defendants' Joint Motion for Summary Judgment on the Remainder of Plaintiff's claims. Dkt. No. 164. On September 17, 2010, Plaintiff requested discovery and additional time to respond to Defendants' Joint Motion pursuant to Federal Rule of Civil Procedure 56(f). Dkt. No. 168. On October 7, 2010, Magistrate Judge Lynch denied Plaintiff's motion without prejudice, providing him seven days to file a motion that complies with the requirements of Rule 56(f). Dkt. No. 177. On October 14, 2010, Plaintiff amended his motion. Dkt. No. 179. On December 1, 2010, the Court granted it in part, ordering Plaintiff to submit a discovery plan before the Court would determine the length of time Plaintiff would have in which to conduct discovery. Dkt. No. 185. On January 18, 2011, Plaintiff tendered his discovery plan to the Court, dkt. no. 192, and on February 11, 2011, Defendants filed the instant Motion to Strike Plaintiff's Proposed Discovery Plan and Motion for a More Definite Statement, dkt. no. 197.

The Court addresses both Plaintiff's Motion to Reconsider and Defendants' Motion for a More Definite Statement and to Strike Plaintiff's Proposed Discovery Plan in turn below.

## II. DISCUSSION

### A. Plaintiff's Motion to Reconsider

Plaintiff brings his motion to reconsider pursuant to Rules 52(b) and 59(e). Dkt. No. 173. The procedural posture of this case renders a Rule 52(b) motion inappropriate. *See* Fed. R. Civ. P. 52 (applying to actions where the Court makes specific findings of fact and conclusions of law). Plaintiff did not file his Rule 59(e) motion until two months after the Court's order disposing of Plaintiff's defamation claims. *See* Dkt. Nos. 161, 173. The Court must construe an untimely Rule 59(e) motion as a Rule 60(b) motion. *Trepanier v. City of Blue Island*, 364 F. App'x 260, 263 (7th Cir. 2010) (citing *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 762 (7th Cir. 2001)). Vacating a judgment under Rule 60(b) is permissible for several reasons including mistake, excusable neglect, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Plaintiff has not presented the Court with anything to persuade it that there are extraordinary circumstances here. Instead, in support of his motion, Plaintiff rehashes old arguments and presents evidence with no showing that it was not available at the time that the Court decided the issue of defamation. However, "[a] party may not use a motion for

3

reconsideration to introduce new evidence that could have been presented earlier." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Although Plaintiff argues that the Court was mistaken in its reliance on several of Defendants' legal arguments in its decision, this is not the type of mistake that Rule 60 is meant to redress. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("[Rule 60(b)] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law."). Accordingly, Plaintiff's Motion to Reconsider is **DENIED**.

### B. DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND TO STRIKE PLAINTIFF'S ENTIRE DISCOVERY PLAN

Combined with their response to Plaintiff's discovery plan, Defendants request that the Court order Plaintiff to file an amended complaint including the factual basis for Plaintiff's tortious interference claims. This request appears to stem from the mercurial nature of Plaintiff's tortious interference claims. For example, in his discovery plan Plaintiff attempts to extend his Complaint to include claims seeking recovery based upon the "adverse consequences of continuing allegations by defendants that Plaintiff is not qualified as a firearms expert, misrepresents his qualifications and/or expertise, and/or uses scientifically invalid or otherwise inappropriate techniques," and "[a]ny additional incidents or acts of tortious interference which are subsequently revealed during discovery" Dkt. No. 192 ¶4(e)-(f). These vague claims are well beyond the scope of the original Complaint. This case has been pending too long before the Court to allow any expansion of Plaintiff's claims. Accordingly, Defendants' Motion for a More Definite Statement is **DENIED,** and

4

Plaintiff's tortious interference with business relations and contract claims are limited to the allegations contained within the four corners of the Complaint. Namely, the claims are limited to those issues addressed in the Court's last entry as they relate to Plaintiff's tortious interference claims, as well as the allegations contained within the Complaint that defendants Hagg, Brundage, and non-party Dominick Denio disclosed otherwise confidential and privileged information involving Nixon's membership application to the AFTE. Compl. ¶¶ 21-23, 25.

Finally, Defendants request that the Court strike Plaintiff's discovery plan in its entirety because it requests discovery beyond that which is allowed by the Federal Rules of Civil Procedure without providing any reason necessitating such expansive discovery and further because it expands the allegations of the Complaint. Having limited the scope of Plaintiff's tortious interference claims to what is contained within the Complaint, the Court **DENIES** Defendants' Motion to Strike Plaintiff's Discovery Plan.

The Court **ORDERS** counsel to appear in person on Thursday, March 17, 2011, at 10 a.m. in Room 512 Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, to discuss Plaintiff's proposed discovery. The Court advises Plaintiff that discovery should be calculated to lead to relevant evidence in either Plaintiff's tortious interference with business relations claim or tortious interference with contract claim as they are stated in the Complaint. Further, the Court instructs Plaintiff to be mindful of the Indiana Model Civil Jury Instructions when determining what discovery is necessary. The Indiana Model Civil Jury instructions state that in order to prevail on a claim of wrongful interference with contractual relationship, Plaintiff must prove: (1) a valid

and enforceable contract existed between Plaintiff and a third party; (2) Defendants knew the contract existed; (3) Defendants intentionally caused a breach of the contract; (4) no justification existed for Defendants' conduct; and (5) Plaintiff was damaged as a result. Ind. Model Jury Instruction 3131. The Indiana Model Civil Jury Instructions state that in order to prevail on his claim of wrongful interference with a business relationship, Plaintiff must prove: (1) a business relationship existed between Plaintiff and a third party; (2) Defendants knew of the business relationship; (3) Defendants intentionally interfered with the business relationship; (4) no justification existed for Defendants' conduct; (5) Defendants acted illegally in achieving their end; and (6) Plaintiff was damaged as a result. Ind. Model Jury Instruction 3133.

## **CONCLUSION**

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment as to Plaintiff's Claims for Defamation, dkt. no. 173. The Court also **DENIES** Defendants' Motion to Strike Plaintiff's Proposed Discovery Plan and for a More Definite Statement, dkt. no. 197. Additionally, the Court **ORDERS**:

> (1) that the Plaintiff's tortious interference claims be limited to what is contained within the Complaint as discussed above, and
>
> (2) that counsel appear in person on **Thursday, March 17, 2011, at 10 a.m.** in Room 512, Birch Bayh Federal Building and United States

Courthouse, 46 East Ohio Street, Indianapolis, Indiana, to discuss Plaintiff's proposed discovery.

IT IS SO ORDERED this 17th day of February, 2011.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Matthew D. Bruno
KIGHTLINGER & GRAY
mbruno@k-glaw.com

Mark S. Fryman Jr.
STARR AUSTEN MYERS & MILLER
fryman@starrausten.com

Robert M. Kelso
KIGHTLINGER & GRAY
rkelso@k-glaw.com

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com

Raymond T. Seach
RILEY BENNETT & EGLOFF LLP
rseach@rbelaw.com

Scott L. Starr
STARR AUSTEN & MILLER LLP
starr@starrausten.com